# United States District Court
# District of South Carolina

| | |
|---|---|
| Joseph Nathaniel McKnight, # 0285707; ) | C/A No. 3:06-1589-MBS-JRM |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Lt. Brown; Sgt. Reed; and Ofc. Miles; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, Joseph McKnight (hereafter, the "Plaintiff"), has brought this *pro se* action against the Defendants under 42 U.S.C. §1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## *Pro Se* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

The Plaintiff is in the custody of the Florence County Detention Center (FCDC). The Complaint alleges that his Qur'an ("Koran") was taken by FCDC staff and that "I've been asking for it a month now." [Docket Entry #1, p. 3.] Verbatim restatement of his Complaint is not necessary. Were this Plaintiff's first action in this Court, service of process upon the Defendants might be appropriate. In McKnight v. Brunson, et al, 3:06-1413-MBS-JRM (D.S.C. 2006), however, Plaintiff alleged the same conduct by other parties defendant who appear to be subordinates of Defendant Brown. The Court may take judicial notice of this previous action. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

The present Complaint duplicates Plaintiff's prior action. This action should be dismissed as frivolous. Two United States Circuit Courts of Appeal have affirmed the authority of district courts to dismiss such duplicative cases as "frivolous" under the provisions of (former) 28 U.S.C. § 1915(d), now codified as 28 U.S.C. § 1915(e)(2). See Aziz v. Burrows, 976 F. 2d 1159 (8th Cir. 1988); Bailey v. Johnson, 846 F. 2d 1019 (5th Cir. 1988).[1]

Plaintiff should be aware that an amendment to his complaint in McKnight v. Brunson, supra, would suffice to add the parties defendant whom he names in this case. The undersigned neither recommends nor advises that he take such action. Dismissal of the present case is recommended simply because there is no need for this Court to entertain two separate actions

---

[1] – The United States Court of Appeals for the Fourth Circuit has cited Aziz with approval in an unpublished opinion, Cottle v. Bell, 229 F. 3d 1142 (4th Cir. 2000).

dealing with the same facts.  Plaintiff's attention is directed to Rule 15(a) of the Federal Rules of Civil Procedure which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Uniformly, courts have applied Rule 15 liberally, authorizing amendments under a wide variety of conditions with a clear purpose of allowing full development of facts, adjudication of rights and claims, and judicial economy.  See <u>Ward Electronics Service, Inc. v. First Commercial Bank</u>, 819 F. 2d 496 (4th Cir. 1987).

## CONCLUSION

Based on the foregoing, it is recommended that the within action be dismissed without prejudice and without issuance and service of process.  It is recommended that this dismissal be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g).  The Plaintiff's attention is directed to the Notice on the following page.

          Respectfully Submitted

          s/Joseph R. McCrorey
          United States Magistrate Judge

May 30, 2006
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
